IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAEM ASLAM NASIF,** *Petitioner,* | : | |
| **v.** | : | **CIVIL NO. 26-6380** |
| **J.L. JAMISON et al.,** *Respondents.* | : | |

**ORDER**

**AND NOW,** this **1st** day of **September 2026,** upon consideration of Petitioner Waem Aslam Nasif's Petition for a Writ of Habeas Corpus (ECF No. 1), it is hereby **ORDERED** that the Petition is **GRANTED.**[1] It is **FURTHER ORDERED** as follows:

1. The Government shall release Mr. Aslam Nasif from custody immediately and file a certificate of compliance on the docket no later than 5:00 p.m. on September 1, 2026.
2. The Government is enjoined from detaining Mr. Aslam Nasif under 8 U.S.C. § 1226(a) for seven (7) days following his release from custody.
3. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

**HONORABLE KAI N. SCOTT**
**United States District Court Judge**

[1] In *Buele Morocho v. Warden Philadelphia FDC et al.*, the Third Circuit held that the Government's interpretation of the Immigration and Nationality Act's statutory regime was incorrect for several reasons. 2026 WL 2546223, at *5–7 (3d Cir. Aug. 28, 2026). The Government's Response states that United States Attorney's "[O]ffice is not yet ready to represent what impact *Buele Morocho* has on this case before the Court." ECF No. 4 at 1. The Response also points out that the instant habeas petition concerns § 1225(b)(1) while the Third Circuit's Opinion concerned § 1225(b)(2). *Id.* The Court remains unpersuaded by this distinction, given, as the Government points out, that the Eastern District of Pennsylvania Courts have routinely rejected the Government's interpretation of § 1225(b)(1) for equally strong reasons. *Id.* at 2 (collecting cases where Court's have rejected the Government's interpretation of § 1225(b)(1)).